# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **RONNIE ODELL PARKER,** | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION 09-00796-CG-B |
| **LOUIS BOYD,** | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Ronnie Odell Parker, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 3). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Secretary for Dep't of Corrections, 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the petition be dismissed as barred by the statute of limitations.

## FINDINGS OF FACT

On May 13, 1985, Petitioner Parker pleaded guilty to the violation of Ala. Code § 28-4-115, the transportation of illegal liquors in quantities of five gallons or more in the Washington County Circuit

Court. Parker was sentenced to imprisonment for one year and one day. The prison sentence was suspended and he was placed on probation for two years.(Doc. 7, Ex. 1A at 31). Parker did not appeal from this conviction and sentence. (Doc. 3 at 3).

On October 19, 2007, Jones filed a Rule 32 petition challenging his guilty plea in the transportation of illegal liquors action as well as his guilty plea entered in an unrelated 1991 sexual abuse case. (Id. at 14). Parker's petition was denied by the trial court after an evidentiary hearing on June 10, 2008. (Id. at 32). Parker appealed, and on February 27, 2009 the Alabama Court of Criminal Appeals reversed the trial court and remanded the case back to the trial court with instructions to dismiss Parker's Rule 32 petition without prejudice because in violation of Rule 32.1, Ala.R. Crim. P., Parker has sought to challenge multiple unrelated convictions in one Rule 32 proceeding. (Doc. 7, Ex.2). The appellate court also directed the trial court to allow Parker to file separate Rule 32 petitions for each conviction. (Id.) On July 28, 2008, Jones filed a second Rule 32 petition, challenging only the conviction for transportation of illegal liquors. (Doc. 7, Ex. 3 at 2-3). The Second Rule 32 petition is also currently still pending. (Id. at 3).

Parker filed his first habeas petition seeking relief in this Court on November 29, 2009[1].  (Doc. 1December 9, 2009 on an outdated

---

[1] While Parker's petition was received by the Court on December 9, 2009, he placed it with prison officials for mailing on November 29, 2009. (Doc. 1). Thus, applying the mailbox rule, the Court uses the

2

form (Doc. 1). The Court ordered Parker to re-file the petition, and on February 3, 2010, Parker filed the instant petition. (Doc. 2,3). Parker alleges that he has been "denied access to the courts" by the trial court's "failure to rule" on his Rule 32 petition. (Doc. 3 at 7). Respondent filed an Answer alleging that Parker's petition should be dismissed as time-barred. (Doc. 7). For the reasons set forth herein, the undersigned recommends that the petition be dismissed as barred by the one-year statute of limitations.

## CONCLUSIONS OF LAW

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." The Act provides that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from

---

date that Parker delivered his petition to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 271-72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Adams v. United States, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

For prisoners convicted prior to the enactment of the AEDPA, the statute of limitations is considered to run from the Act's effective date of April 24, 1996. Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2003); Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1085, 120 S. Ct. 811, 145 L. Ed. 2d 683 (2000). In other words, AEDPA's one-year statute of limitation expires on April 23, 1997, for habeas petitions filed by those inmates convicted prior to AEDPA's enactment date.

In the instant action, Parker did not seek to appeal his conviction, and accordingly his conviction became final on June 24, 1985, after his 42 days to file a notice of appeal had passed. Ala.R.App.P.R.4. Because Parker's conviction became final *prior* to the enactment of the AEDPA, his petition for habeas corpus relief should have been filed no later than April 23, 1997. The record reflects, however, that Parker did not file his habeas corpus petition

until November 29, 2009, more than twelve (12) years after the statutory deadline had expired. Thus, unless Parker can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

Section 2244(d)(2) of the AEDPA provides for tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). Although Parker filed two Rule 32 petitions with the trial court neither were pending during the running of the AEDPA limitation period. Parker filed his first Rule 32 petition on October 19, 2007,[2] more than 10 years after the AEDPA statute of limitations had run, and his second Rule 32 petition was not filed until on or about July 28, 2008.[3] "Even 'properly filed' state-court petitions must be 'pending'[during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. Webster, 199 F.3d 1256, 1259 (11th Cir. 2000); See also Tinker v. Moore, 255 F.3d 1333, 1335. n.4 (11th Cir. 2001)([A] properly filed

---

[2] Although not received in the circuit court until November 27, 2007, Parker verified his petition on October 19, 2007.

[3] Parker's Second Rule 32 Petition was filed in the Washington County Circuit Court on July 28, 2010. The record does not contain the date Parker verified his petition; however, the exact date is not material as it is clear that it was filed after the first Rule 32 petition, and was well outside the relevant time frame for the applicable AEDPA statute of limitations.

petition in state court only tolls the time remaining within the federal limitation period.); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)(While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired)(citation omitted). Accordingly, Parker's two Rule 32 petitions did not toll the limitations period because that period had already expired more than 10 years earlier, on April 23, 1997. Consequently, his federal habeas petition was untimely filed.

Before recommending dismissal of Parker's petition for habeas relief as untimely, the undersigned must determine whether Petitioner has pled extraordinary circumstances which require a contrary conclusion. The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in

some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'...[m]ere excusable neglect is not sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dep't of Corrections, 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Dep't of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In this case, Parker has not established a basis for equitable tolling of the statutory limitations period (Doc. 8). In his petition, Parker argues that the statute of limitations does not bar his claim because he was illegally convicted and sentenced in state court based on an improper guilty plea to transporting, allegedly a misdemeanor charge. (Doc. 3 at 12). Parker's grounds for tolling relate to his state conviction and do not provide any explanation for the untimely filing of his federal habeas petition. Additionally, while in Parker's response to the State's Answer, he alludes to the untimeliness of his petition and requests leave to amend his answer, "if [the] Court were to hold that his petition were timely filed," he fails to offer any facts to suggest that equitable tolling is

7

proper in this case. (Doc. 8 at 2). As noted supra, equitable tolling is appropriate when a petitioner fails to timely file his petition due to extraordinary circumstances beyond his control and unavoidable even with diligence. Steed, 219 F.3d at 1300. The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. Drew, 297 F.3d at 1286. Parker has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition.

Parker does however argue that he is actually innocent of the crime for which he was convicted.[4] (Doc. 8 at 1). In order to demonstrate actual innocence in a post-conviction proceeding, a petitioner must first "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory

---

[4] The 11th Circuit has never held that 2244(d)'s limitation period carries an actual innocence exception. Scott v. Duffy, 372 Fed. Appx. 61, 64 (11th Cir. 2010) ("Neither the Supreme Court nor this Court has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period."). But cf. U.S. v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2000) (Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by Appellant's failure to timely file his 2255 motion). However, several other circuits have recognized such an exception. See, e.g., Souter v. Jones, 395 F.3d 577 (6th Cir. 2005); Flanders v. Graves, 299 F.3d 974 (8th Cir. 2002). Assuming, without deciding, that a petitioner's actual innocence might support an equitable tolling of the limitation period, Mays, nevertheless, has failed to make a substantial showing of actual innocence.

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). The evidence presented must support the proposition that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 327 (internal quotations omitted). "A petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327. In other words, Parker must persuade this Court "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id.

In the case sub judice, Parker has offered no proof or evidence to support his claim of innocence. Moreover, a review of the record does not reveal any evidence which would tend to support his contention that he is actually innocent. Parker argues in his response to the State's Answer that he is challenging his 1985 conviction based on "actual innocen[ce] of the charge[] transporting because Petitioner [was] not indicted for transporting illegal liquors…." (Doc. 8 at 1). However, the record does not support this assertion.[5] Assuming *arguendo* that Petitioner's arguments have merit, he has failed to come forth with any new evidence showing that he is innocent

---

5 The Washington County Circuit Court found that Parker entered a voluntary plea of guilty to the charge of Transporting, which was a felony charge, in Case Number CC-1985-013, on May 13, 1985, as is evidenced by a Judgment of Plea of Guilty Sentence to Penitentiary and Probation. See (Doc. 7-1 at 31-32).

9

of the transporting offense. Interestingly, Parker does not contend that he was not guilty of improper importing liquors, he instead argues that he should be resentenced because the transporting offense should have been classified as a misdemeanor and thus was an improper basis for enhancement of his 1991 sentence.[6] In sum, Petitioner has not provided the Court with any credible new evidence, through scientific or physical evidence or new eyewitness testimony, to support his claim of actual innocence. Thus, he has failed to make a colorable showing of actual innocence.

Where Respondent has asserted the defense of statute of limitations and Petitioner has failed to meet his burden of establishing the existence of extraordinary circumstances which would justify the equitable tolling of AEDPA's limitation period, the undersigned must recommend that this case be dismissed as time-barred. Accordingly, the undersigned finds that because Parker has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred, and that judgment be

---

[6] While Parker claims that the transporting charge should have been classified as a misdemeanor, his claim lacks merit. In 1985, following his plea, Parker was sentenced to one year and one day on the transporting charge. The sentence was suspended and he was placed on probation for two years. Under Alabama law, the transporting charge was clearly classified as a felony. See Ala. Code § 28-4-115 ("It shall be unlawful for any person, … to transport in quantities of five gallons or more any of the liquors or beverages, the sale, the possession or transportation of which is prohibited by law in Alabama. Any person convicted of violating this section

entered in favor of Respondent.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L.Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.").

---

*shall be guilty of a felony."*) (emphasis added).

In the instant action, Parker's claims are clearly time barred, and he has failed to present extraordinary circumstances beyond his control which prevented him from filing this action in a timely manner. Steed, 219 F.3d at 1300. He has also failed to make a sufficient showing of 'actual innocence' of the charge for which he was convicted. Schlup, 513 U.S. at 327. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Parker's petition should be dismissed and as a result, he is not entitled to a certificate of appealability.

## CONCLUSION

For the reasons set forth above, it is the opinion of the undersigned Magistrate Judge that Parker's petition for habeas corpus relief should be **DENIED**. It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this **8th** day of **November, 2010**.


                                                       **/s/ SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript,

is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**